COMMONWEALTH *vs.* KEVIN JOHNSON. April 6, 2012. *Controlled Substances. Evidence,* Certificate of drug analysis, Expert opinion, Profile. *Constitutional Law,* Confrontation of witnesses. *Practice, Criminal,* Confrontation of witnesses.

Kevin Johnson was convicted of trafficking in cocaine with a net weight of twenty-eight grams or more but less than one hundred grams, refusal to submit to a police officer, and negligent operation of a motor vehicle. He appealed from the drug trafficking conviction, arguing that, among other things, a certificate of drug analysis from the State crime laboratory was erroneously admitted without live testimony from the analyst. The Appeals Court affirmed the conviction. See *Commonwealth* v. *Johnson*, 76 Mass. App. Ct. 80 (2010). The defendant then sought further appellate review. This court denied the application without prejudice and remanded the case to the Appeals Court for reconsideration in light of *Commonwealth* v. *Vasquez*, 456 Mass. 350 (2010); *Commonwealth* v. *Charles*, 456 Mass. 378 (2010); and *Commonwealth* v. *Muniz*, 456 Mass. 166 (2010), which address the certificate issue. On remand, the Appeals Court again affirmed the judgment, in an unpublished order on June 20, 2011, concluding that the admission of the certificate was harmless beyond a reasonable doubt. The defendant again filed an application for further review, which we allowed.

The relevant facts are summarized in the Appeals Court's decision. *Commonwealth* v. *Johnson, supra* at 81-82. There are two issues now before us: whether the erroneous admission of the certificate was harmless beyond

---

a reasonable doubt; and whether the Commonwealth's expert — a police officer who testified as an expert in the area of various kinds of narcotic drugs, see *id.* at 85 — provided improper "profile" testimony regarding the characteristics of drug users.

1. *Introduction of the certificate of drug analysis.* The Commonwealth has now conceded that the admission of the certificate of drug analysis without live testimony from the analyst was not harmless beyond a reasonable doubt. Having thoroughly reviewed the record, we agree. Throughout his testimony, the Commonwealth's expert assumed (and may in fact have believed, although he did not so testify) that the substance in question was cocaine. He was never, however, asked his opinion whether the substance was cocaine, and there is no other evidence, apart from the erroneously admitted certificate, that the substance was in fact cocaine. There was not, in short, other evidence that was so overwhelming as to render the erroneous admission of the certificate harmless beyond a reasonable doubt. For that reason, the defendant's conviction must be reversed.

2. *Profile evidence.* Having carefully reviewed the record we conclude, for essentially the same reasons as the Appeals Court, that the Commonwealth's expert improperly testified regarding the characteristics of drug users.[1] As the Appeals Court stated, "[T]he Commonwealth may not offer expert testimony regarding the expected characteristics of perpetrators of a crime." *Id.* at 85. Because the defendant's conviction is being reversed, we need not address whether the Appeals Court also correctly concluded that the admission of the testimony did not create a substantial risk of a miscarriage of justice.

The judgment is reversed, the verdict is set aside, and the case is remanded to the Superior Court for a new trial consistent with this opinion.

*So ordered.*

*Brad P. Bennion* for the defendant.

*Dianne M. Dillon,* Assistant District Attorney, for the Commonwealth.

---

[1]The defendant conceded that the Commonwealth's expert "properly could opine that the amount of cocaine seized supported an inference that it was for distribution." *Commonwealth* v. *Johnson,* 76 Mass. App. Ct. 80, 85 (2010).